United States District Court
Southern District of Texas
**ENTERED**
October 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILSON GONZALEZ MONTEPEQUE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-578 |
| | § | |
| WARDEN, PORT ISABEL ICE PROCESSING CENTER, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Wilson Gonzalez Montepeque is a native of Guatemala currently detained by Immigration and Customs Enforcement and subject to a final order of removal.[1] Petitioner holds protection from removal as to Guatemala. In this habeas action, Petitioner seeks his release based upon *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Since January 2026, Petitioner has been detained subject to a final order of removal. On May 22, 2026, Respondents attempted to remove Petitioner to Mexico, but according to Respondents, Petitioner "refused to exit his pod for removal[.]" (Mot. to Dismiss, Doc. 8, 2)

Two days later, Petitioner filed this habeas action, alleging his *Zadvydas* claim and requesting emergency relief as to Respondents' attempts to remove him to a third country. (Pet., Doc. 1) The Court entered a temporary restraining order that required Respondents to comply with certain procedural safeguards before removing Petitioner to a third country. (TRO, Doc. 4) In June, the Court entered a Permanent Injunction (Doc. 13) with the same procedural protections as within the temporary restraining order, but noting that as to Mexico, Respondents had complied with those requirements.

[1] At the time Petitioner filed this habeas action, Respondents detained him at the Port Isabel Service Processing Center in Cameron County, Texas, (*see* Pet., Doc. 1, 6), although he has since been transferred to other detention facilities, (*see* Pet.'s Notice, Doc. 26). The Court retains jurisdiction over Petitioner's habeas action because he filed it while detained within this Court's jurisdiction. *See Ex parte Endo,* 323 U.S. 283 (1944).

In August, Petitioner submitted additional briefing in support of his *Zadvydas* claim. (Pet.'s Suppl. Br., Doc. 20) He argues that although the Permanent Injunction found that Respondents satisfied the procedural requirements for his removal to Mexico, "Petitioner remains confined" and "[t]o counsel's knowledge, DHS has made no renewed attempt to remove him to Mexico or another country, served no new third-country notice, disclosed no scheduled removal, and identified no concrete step showing that removal is approaching." (*Id.* at 2) He contends that as the length of his detention now exceeds six months, "[t]he burden therefore shifts to Respondents to establish, with current evidence, that removal is significantly likely in the reasonably foreseeable future." (*Id.* at 8)

In September, the Court requested that Respondents submit a Status Report regarding efforts to effectuate Petitioner's removal. (Order, Doc. 22) Respondents timely complied and represent that "Petitioner has been placed on the awaiting flight list for removal to a third country. DHS will remove Petitioner once a third country has been identified." (Status Report, Doc. 24)

Under *Zadvydas*, detention is "presumptively reasonable" for six months following the issuance of a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After the six-month period elapses, an alien can allege a *Zadvydas* claim by demonstrating that "there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* Upon such a showing, the United States must respond with evidence "sufficient to rebut that showing." *Id.* Although the passage of six months after a final order of removal creates a viable *Zadvydas* claim, the elapsed period "does not mean that every alien not removed must be released after six months." *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's period of post-removal-order detention reached six months in June 2026. He argues that through the Permanent Injunction, "the Court removed any remaining judicial

obstacle" to Petitioner's removal to Mexico, but that Respondents have not effectuated his removal to that country. (Pet.'s Supp. Br., Doc. 20, 2)

Respondents claim that in May, Petitioner obstructed their attempt to remove him to Mexico by "refus[ing] to exit his pod[.]" (Mot. to Dismiss, Doc. 8, 2) In June, Respondents represented that "Petitioner's removal is imminent because he was transferred on May 27, 2026 for the purpose of staging his removal to Mexico." (*Id.*) And in their October Status Report, they contended that removal remains reasonably foreseeable because Petitioner "has been placed on the awaiting flight list for removal to a third country." (Status Report, Doc. 24, 1) In addition, Respondents argue that the Court should toll the six-month *Zadvydas* period "to account for Petitioner's efforts to obstruct his removal[.]" (*Id.*) (citing *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993)).

Petitioner replies that months after the Court's issuance of the Permanent Injunction, Respondents "still identif[y] no actual removal destination." (Renewed Request for Release, Doc. 25, 3; *see also* Second Renewed Request, Doc. 26 (reiterating the argument))

Based on the record and the applicable law, the Court concludes that Petitioner has demonstrated that there is no significant likelihood of his removal in the reasonably foreseeable future. Respondents have detained Petitioner for about ten months. Since June, Respondents could have removed him to Mexico, and they appear to have transferred him to Louisiana to effectuate such a removal. But the removal did not move forward, and now Respondents indicate that they intend to remove Petitioner to a third country, although they do not specify the country or the time period in which any such removal would occur. Respondents appear to have transferred Petitioner to multiple detention centers, (*see* Pet.'s Notice, Doc. 26), but the transfers do not evidence imminent removal. In light of the length of Petitioner's detention and Respondents' conduct, the Court finds that Petitioner has satisfied his initial burden under *Zadvydas*.

Respondents fail to submit evidence sufficient to rebut Petitioner's showing. While they transferred Petitioner at one point to effectuate his removal, those efforts appear to have failed, and Respondents provide no evidence of probable removal in the foreseeable future. They cite to *Balogun v. I.N.S.*, 9 F.3d 347 (5th Cir. 1993), in which the court found tolling of the statutory removal period appropriate because the detained alien "refused to cooperate with [his home country's] Embassy officials[,]" including by refusing to provide documents to prove the alien's identity. *Id.* at 349 n. 2. That case turned on the construction of 8 U.S.C. § 1252(c) (1988), which Congress later amended. Assuming that the analysis of *Balogun* applies to consideration of a *Zadvydas* claim, such an assumption would not help Respondents. It is undisputed that Petitioner obstructed an attempt to remove him to Mexico in May of this year. But Respondents present no evidence that he continues to obstruct his removal to that country, and they aver only that Petitioner is on a waiting list for removal to a third country, although they provide no information regarding the anticipated time period for identifying a third country and actual removal to that country. (Respondents would also have to comply with the requirements of the Permanent Injunction (Doc. 13) as to removal to any third country other than Mexico.)

Petitioner has met his burden under *Zadvydas*, and Respondents fail to rebut that showing. As a result,

**ORDERED** that Petitioner Wilson Gonzalez Montepeque's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**; and

**ORDERED** that by no later than November 6, 2026, Respondents shall release Petitioner Wilson Gonzalez Montepeque from custody.

Although the Court has found that Petitioner has demonstrated that no significant likelihood exists of his removal in the reasonably foreseeable future, this Order does not preclude Respondents from expediting efforts to remove Petitioner before November 6, 2026. As a result, it is also:

**ORDERED** that by no later than November 10, 2026, Respondents shall file a Statement with the Court confirming the release or removal of Petitioner Wilson Gonzalez Montepeque.

Should Petitioner obstruct any effort to remove him, Respondents may request that the Court extend the time for removal, presenting evidence of the obstruction efforts.

Signed on October 23, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge